IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| PRINCE V. HAMPTON, | ) CASE NO. 3:19-CV-02861-BYP |
| | ) |
| Plaintiff, | ) JUDGE BENITA Y. PEARSON |
| | ) UNITED STATES DISTRICT JUDGE |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| WARDEN CHAE HARRIS, | ) CARMEN E. HENDERSON |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant, | ) |

**I.   Introduction**

Petitioner, Prince Hampton, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Hampton is an Ohio inmate currently serving an eight-year sentence for possession and trafficking of cocaine. Hampton asserts three grounds for relief. (ECF No. 4). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Hampton's petition and other case-dispositive motions. Because Hampton's claims are procedurally defaulted or without merit, I recommend that the Court deny his petition and not grant him a certificate of appealability.

**II.   Relevant Procedural History**

   **A.   Indictments**

On May 14, 2015, a grand jury indicted Hampton on:

> One count of Possession of Cocaine in violation of Ohio Rev. Code §§ 2925.11(A), 2925.11(C)(4)(c), a third-degree felony, with a criminal forfeiture specification

>One count of Preparation of Cocaine for Sale in violation of Ohio Rev. Code §§ 2925.03(A)(2), 2925.03(C)(4)(d), a second-degree felony, with a criminal forfeiture specification

(ECF No. 8, PageID #: 97).

On October 14, 2015, a grand jury indicted Hampton on:

>One count of Trafficking in Cocaine in violation of Ohio Rev. Code §§ 2925.03(A)(1), 2925.03(C)(4)(a), a fifth-degree felony
>
>Two counts of Trafficking in Cocaine in violation of Ohio Rev. Code §§ 2925.03(A)(1), 2925.03(C)(4)(b), a fourth-degree felony

(ECF No. 8, PageID #: 100).

On October 28, 2015, Hampton's counsel requested joinder of the two cases. (ECF No. 8, PageID #: 103). The Court granted the request and joined the cases. (ECF No. 8 PageID#: 106).

Then, on May 10, 2016, a grand jury indicted Hampton on:

>One count of Possession of Cocaine in violation of Ohio Rev. Code §§ 2925.11(A), 2925.11(C)(4)(f), a first-degree felony, with major drug offender and criminal forfeiture specifications
>
>One count of Preparation of Cocaine for Sale in violation of Ohio Rev. Code §§ 2925.03(A)(2), 2925.03(C)(4)(g), a first-degree felony, with major drug offender and criminal forfeiture specifications
>
>One count of Aggravated Possession of Drugs in violation of Ohio Rev. Code §§ 2925.11(A), 2925.11(C)(1)(b), a third-degree felony, with a criminal forfeiture specification
>
>One count of Aggravated Preparation of Drugs for Sale in violation of Ohio Rev. Code §§ 2925.03(A)(2), 2925.03(C)(1)(c), a second-degree felony, with a criminal forfeiture specification

(ECF No. 8, PageID #: 107–08).

### B. Guilty Plea and Sentence

On August 25, 2016, Hampton, by way of plea agreement, pled guilty to Trafficking in Cocaine and Possession of Cocaine. (ECF No. 8, PageID #: 111–16). The court dismissed all

remaining charges and the major drug offender specification. (ECF No. 8, PageID #: 111–16, 126). On the same day, the court sentenced Hampton to an aggregate prison term of eight years. (ECF No. 8, PageID #: 117–25).

### C. Motion to Withdraw Guilty Plea

After sentencing, Hampton moved pro se to withdraw his guilty plea.[1] (ECF No. 8, PageID #: 129). On February 9, 2017, the State opposed the motion. (ECF No. 8, PageID #: 127). On July 15, 2019, Hampton pro se filed a motion to proceed to judgment and to take judicial notice. (ECF No. 8, PageID #: 268). Hampton requested that the court rule on his motion to withdraw his guilty plea. (ECF No. 8, PageID #: 268). The State opposed the motion. (ECF No. 8, PageID #: 270). At the time Respondent filed the Return of Writ, the trial court had not ruled on either motion.

### D. Direct Appeal

On February 24, 2017, Hampton pro se filed a notice of appeal and a motion for delayed appeal.[2] (ECF No. 8, PageID #: 145, 152). The Court of Appeals of Ohio, Sixth Appellate District, granted the motion and appointed counsel for the appeal. (ECF No. 8, PageID #: 168–73). Hampton, represented by new counsel, raised four assignments of error:

> I. The Defendant had ineffective assistance of counsel when Defendant's counsel files a motion to join two distinct indictments creating a conflict of interest where there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's own personal interests.

---

[1] Hampton's motion to withdraw his guilty plea is not in the record. It was similarly not in the record when Hampton appealed to the Ohio Court of appeals. The court of appeals stated that it "glean[ed] appellant's arguments from the other filings." *Ohio v. Hampton*, Nos. E-17-008, E-17-009, 2018 WL 1895808, at *2 n.1 (Ohio Ct. App. 2018).

[2] Hampton filed two appeals, one from each of his cases. The court of appeals granted leave to file a delayed appeal in both. Because they involved common questions of law and fact, the court *sua sponte* consolidated the appeals. (ECF No. 8, PageID #: 174).

> II. Defendant had ineffective assistance of counsel and the Court erred in accepting the defendant's plea to Count I of Case No. 2016-CR-098.
>
> III. The trial court erred by not granting the defendant's motion to withdraw his plea as the defendant's plea was not done voluntarily and knowingly.
>
> IV. Defendant's plea was not voluntary as he was not informed of withdrawing his Motion to Suppress which dealt with the fundamental issue of probable cause.

(ECF No. 8, PageID #: 181). On April 20, 2018, the court of appeals affirmed the judgment of the trial court. *Ohio v. Hampton*, Nos. E-17-008, E-17-009, 2018 WL 1895808 (Ohio Ct. App. 2018).

### E. Appeal to Ohio Supreme Court

On June 4, 2018, Hampton filed a notice of appeal in the Ohio Supreme Court. (ECF No. 8, PageID #: 253). Hampton's memorandum in support of jurisdiction raised the following propositions of law:

> I. A Defendant has ineffective assistance of counsel when Defendant's counsel files a motion to join two distinct indictments creating a conflict of interest where there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's own personal interests and the sole purpose of the motion is to benefit the state of Ohio and the defense counsel. A guilty plea does not waive a claim of ineffective assistance of counsel.
>
> II. A Defense counsel is ineffective in having the court accepting the defendant's plea to Count I [of Case No. 2016-CR-098] when Gonzales I was in effect in the state of Ohio and in the defendant's jurisdiction.

(ECF No. 8, PageID #: 259, 264). On August 15, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8, PageID #: 267).

### III. Federal Habeas Corpus Petition

On July 17, 2019, Hampton pro se petitioned that this Court issue a writ of habeas corpus. (ECF No. 4). Hampton asserted three grounds for relief:

> **Ground One:** Mr. Hampton's Constitutional right to Due Process was violated. Mr. Hampton is not allowed to withdraw his guilty plea.
> **Supporting Facts:** 6th District held Mr. Hampton's assignment of error was premature because trial court has yet to rule.
>
> **Ground Two:** Mr. Hampton received ineffective assistance of counsel in violation of his constitutional rights for allowing him to plead guilty to count 1 in case No. 16CR0098.
> **Supporting Facts:** At the time of Mr. Hampton's plea[,] State v. Gonzales, 2015-Ohio-401 was law of land
>
> **Ground Three:** Mr. Hampton['s] U.S. Constitutional right to trial counsel was violated
> **Supporting Facts:** 1) Joinder of Indictments; 2) Over all performance; 3) Plea was not voluntary

(ECF No. 4 at 5–8). Respondent filed a return of writ on November 15, 2019. (ECF No. 9). Hampton did not file a traverse.[3]

## IV. Legal Standards

### A. Jurisdiction

District courts may entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Erie County Court of Common Pleas sentenced

---

[3] This case was transferred from the Southern District of Ohio. After being transferred, the Court ordered Respondent to file the return of writ and informed Hampton that he had thirty days thereafter to file a traverse. (ECF No. 13). Nearly three months later, the Court filed a second order acknowledging that Respondent had filed the return of writ prior to the Court's initial order and *sua sponte* granted Petitioner forty-five days to file his traverse. (ECF No. 14). Petitioner did not do so.

Hampton, and Erie County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Hampton's § 2254 petition.

      **B.**      **Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

      **C.**      **AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). "The unreasonable application clause requires the state

court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*. (citations omitted).

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. at 102 (citations omitted). "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

V. Discussion

    A.    **Ground One: Right to Withdraw Guilty Plea**

In his first ground for relief, Hampton argues that his right to due process was violated because he was not allowed to withdraw his guilty plea. Respondent asserts that this argument is procedurally defaulted because Hampton did not raise this claim in his appeal to the Ohio Supreme Court.[4] The Court agrees.

"[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). "A federal habeas court need not review a procedurally defaulted claim unless the petitioner can show either cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a 'fundamental miscarriage of justice[.]'" *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)). "[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court" will establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citations omitted). "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing

---

[4] Respondent also argues that the argument is not cognizable. Because the undersigned concludes that the argument is procedurally defaulted, the undersigned will not address this argument.

*Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To demonstrate actual innocence, "a petitioner must come forward with 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012) (citations omitted).

On direct appeal, Hampton argued both that that the trial court erred by not granting his motion to withdraw his guilty plea and that his plea was not voluntary. The court of appeals affirmed the decision, reasoning that the trial court had not ruled on the motion, so Hampton's argument was premature. Additionally, the Court concluded that his plea was done voluntarily. Hampton appealed to the Ohio Supreme Court but failed to bring either claim regarding his guilty plea. As noted above, Hampton only argued that his trial counsel was ineffective for joining his indictments and that his trial counsel was ineffective for allowing the court to accept his guilty plea. He did not assert that the trial court erred in failing to grant his motion to withdraw his guilty plea. The time to bring this claim has passed.[5] A claim that has not been brought to the state supreme court has not been properly exhausted. As noted, a claim that has not been exhausted and can no longer be brought before the state courts is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (failure to appeal to state supreme court results in procedural default on federal habeas review). Hampton does not meet an exception that would allow for the Court to review this ground for relief. He cannot claim ineffective assistance of counsel because there is no right to counsel for a discretionary appeal to the Oho Supreme Court. *See Douglas v. Eberlin*, No.: 5:04CV2117, 2005 U.S. Dist. LEXIS 29866, *4 (N.D. Ohio Nov. 29, 2005) ("Because Petitioner had no right to counsel on his discretionary appeal to the Ohio Supreme

---

[5] A party who wishes to appeal to the Ohio Supreme Court from a final judgment has 45 days to file a notice of appeal. Ohio S. Ct. Prac. R. 6.01 (A)(1).

Court, he 'could not be deprived of the effective assistance of counsel . . . .'" (citations omitted)). Similarly, Hampton does not claim actual innocence and, thus, has not come forward with new reliable evidence demonstrating such. Therefore, Hampton's first ground for relief should be dismissed as procedurally defaulted.

      **B.**      **Ground Two: Ineffective Assistance of Counsel – Guilty Plea**

In his second ground for relief, Hampton argues that he received ineffective assistance of counsel when his trial counsel allowed him to plead guilty. He asserts that counsel failed to inform him of the Ohio Court of Appeals decision in *State v. Gonzales*, No. WD-13-086, 2015 WL 502263 (Ohio Ct. App. Feb. 6, 2015), *rev'd* 81 N.E.3d 419 (Ohio 2015) and had he known of the decision, he would not have pled guilty. In *State v. Gonzales*, the court held that "the state, in prosecuting cocaine offenses under R.C. 2925.11(C)(4)(a) through (f), must prove that the weight of the *actual cocaine* possessed by the defendant met the statutory threshold." *Id.* at *10. Thus, the state needed to provide evidence of the purity and the weight of the cocaine. *Id.* Hampton alleged—without providing any real reasoning—that, based on this decision, he could not have been found guilty of the felony drug weight and should not have been counseled to plead guilty. Hampton presented this argument to the appeals court. The court rejected the argument, explaining:

> In his second assignment of error, appellant argues that counsel was ineffective for failing to inform appellant that he could not have been found guilty of the count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(e) under our decision in *State v. Gonzales*, 6th Dist. Wood No. WD–13–086, 2015–Ohio–461.
>
> "In Ohio, a properly licensed attorney is presumed competent. * * * The appellant bears the burden of proving that his trial counsel was ineffective." (Internal citations omitted.) *State v. Hamblin*, 37 Ohio St.3d 153, 155–156, 524 N.E.2d 476 (1988).
>
> Here, we note that while appellant asserts that he could not have been found guilty based on the weight of the cocaine, appellant does not identify anything in the record showing that the weight of actual

> cocaine was under the statutory threshold in light of our decision in *Gonzales*. Indeed, the indictment simply states that appellant "did knowingly possess, use, or obtain, a Schedule II controlled substance in an amount greater than or equal to 100 grams of Cocaine, to wit: 1,360.35 grams of Cocaine +/- 0.26 of a gram of Cocaine plus a trace amount of Cocaine." Furthermore, appellant has not identified any fact in the record showing that he was not informed of our decision in *Gonzales*. Therefore, we hold that appellant has failed to establish both that counsel's performance fell below an objective standard of reasonableness and that the result of the proceedings would have been different but for the alleged error.
>
> Accordingly, appellant's second assignment of error is not well-taken.

*State v. Hampton*, 2018 WL 1895808, at *3.

The Court concludes that the appellate court's decision is consistent with clearly established Supreme Court precedent. To prevail on an ineffective assistance of counsel claim, the petitioner must meet the two-part *Strickland* test. First, the petitioner must demonstrate that, considering all the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In so doing, the petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* at 692. "In the context of pleas, to demonstrate prejudice, the "defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). "When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (internal citations and quotations omitted).

Assuming that Hampton could demonstrate this his trial counsel did not inform him of the decision in *State v. Gonzales* and this amounted to deficient assistance, the undersigned concludes that Hampton did not demonstrate prejudice. Hampton pled guilty to one count of possession of cocaine and one count of trafficking in cocaine. In the indictment, the possession of cocaine charge provided that Hampton "did knowingly possess, use, or obtain, a Schedule II controlled substance in an amount greater than or equal to 100 grams of Cocaine, to wit: 1,360.35 grams of Cocaine +/- 0.26 of a gram of Cocaine plus a trace amount of Cocaine." (ECF No. 8, PageID #: 107). Based on the decision in *Gonzales*, that means that the state needed to prove that Hampton possessed at least 100 grams of cocaine to be found guilty under the statute. In his appeal, Hampton stated "it prejudiced the Defendant to plea to something that he could not be found guilty of due to the fact that the State had to prove the weight." (ECF No. 8, PageID #: 190). However, Hampton has provided no evidence that the state could not meet such a requirement. He did not state that the cocaine he possessed was less than 100 grams or even less than 1,360.35 grams, nor did he provide some other deficiency in the state's evidence. This is insufficient to demonstrate prejudice. Moreover, the undersigned notes that Hampton was originally charged with eight counts of drug related offenses with two major drug offender specifications. His trial counsel negotiated a deal that required Hampton to plead guilty to only one count of possession of cocaine and one count of trafficking in cocaine with no major drug offender specifications. The record fails to demonstrate that his trial counsel was ineffective for procuring such a deal. Accordingly, Hampton's second assignment of error is without merit.

### C. Ground Three: Ineffective Assistance of Trial Counsel

In his third ground for relief, Hampton brings three more ineffective assistance of trial counsel claims. The claims assert Hampton's trial counsel was ineffective for: 1) joining his

indictments; 2) his overall performance; and 3) allowing an involuntary plea. As discussed above, to succeed on an ineffective assistance of counsel claim, a petitioner must meet the two-part *Strickland* test. First, the petitioner must demonstrate that, considering all the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 688. To do so, the petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* at 692. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1. Joinder of Indictments

Hampton's first argument is that his trial counsel was ineffective for requesting a joinder of his indictments. Hampton presented this argument to the Ohio Court of Appeals. The court rejected the argument, reasoning:

> In his first assignment of error, appellant argues that he received ineffective assistance of counsel when counsel moved to join case Nos. 2015–CR–0148 and 2015–CR–0426. Appellant contends that counsel was motivated by economic factors, which created an impermissible conflict of interest because there was no strategic benefit to trying the two cases together.
>
> To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687–688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

> We find that appellant has not demonstrated any prejudice from counsel's conduct. Appellant never went to trial on the five counts contained in case Nos. 2015–CR–0148 and 2015–CR–0426. Rather, appellant pleaded guilty to one count of trafficking in cocaine in case No. 2015–CR–0426, and the remaining counts were dismissed. Further, appellant does not point to any fact in the record showing that he would not have pleaded guilty had the cases not been joined. Therefore, we hold that appellant has not satisfied the second prong of the *Strickland* test, and his claim of ineffective assistance of counsel must fail.
>
> Accordingly, appellant's first assignment of error is not well-taken.

*Ohio v. Hampton*, 2018 WL 1895808, at *2–3.

Respondent argues that Hampton failed to demonstrate prejudice and, even if he did, he waived this argument by pleading guilty. Indeed, "a defendant who pleads guilty or no contest generally waives any non jurisdictional claims that arose before plea." *Cook v. Wolfenbarger*, No. 2:10-CV-12747, 2012 WL 3113183, at *6 (E.D. Mich. July 31, 2012) (citing *United States v. Broce*, 488 U.S. 563, 659 (1989). This includes claims of ineffective assistance of counsel that occurred during the pre-trial period. *See id.* ("Accordingly, Petitioner's claim that counsel was ineffective for failing to investigate his case, discuss a diminished capacity defense, or take other action during the pre-trial period is foreclosed by his plea and does not warrant relief."). The defendant is limited to attacking only "the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Hampton, therefore, waived this claim. Moreover, the undersigned agrees with the court of appeals. Hampton cannot demonstrate prejudice because most of Hampton's joined claims were dismissed. Accordingly, this sub-argument is without merit.

**2.     Overall Performance**

Next, Hampton argues that his trial counsel's overall performance was ineffective. Respondent asserts that Hampton failed to properly allege this claim as he did not state any factual basis for the claim. Moreover, Respondent suggests that the claim is waived and procedurally defaulted. The undersigned agrees that there are various deficiencies with this sub-argument. Most significant is the fact that Hampton did not exhaust this claim in state court. Although Hampton alleged various claims of ineffective assistance of counsel on direct appeal and two claims of ineffective assistance of counsel in the Supreme Court of Ohio, he did not argue that his counsel's overall performance was ineffective. In the Supreme Court of Ohio, he simply argued that his counsel was ineffective for joining the two cases and for allowing him to plead guilty without informing him of the decision in *Gonzales*. The undersigned discussed both of these claims above. Any other claim was not fairly presented to the state courts. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." (citations omitted)). The time to bring this claim before the Ohio courts has passed.[6] As discussed under Hampton's first ground for relief he has neither demonstrated cause and prejudice nor actual innocence. Accordingly, this sub-argument is procedurally defaulted and should be dismissed as such.

3. **Involuntary Plea**

Finally, Hampton argues that he obtained ineffective assistance of counsel because his plea was not voluntary. Respondent asserts that this claim is procedurally defaulted. The undersigned agrees. This ineffective assistance of counsel claim was not presented to either the court of appeals

---

[6] Ohio App. R. 4(A)(1) gives 30 days to appeal from a final order. Ohio Rev. Code. § 2953.21(A)(2) allows 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment to petition for postconviction relief. Ohio Criminal Rule 26(B) provides 90 days from journalization of the appellate judgment to apply for a reopening of the case. Both dates have passed in this case.

or the Ohio Supreme Court. The time for bringing this claim has passed. Hampton has not demonstrated cause and prejudice or actual innocence. Accordingly, this sub-argument is procedurally defaulted.

## VI. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Hampton's grounds for relief are procedurally defaulted or without merit. If the Court accepts the foregoing recommendation, then Hampton has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue Hampton a certificate of appealability.

## VII. Recommendation

Hampton has presented only procedurally defaulted and meritless claims. Thus, I recommend that the Court DENY Hampton's petition and not grant him a certificate of appealability.

Dated: March 30, 2022

                              s/ *Carmen E. Henderson*
                              CARMEN E. HENDERSON
                              U.S. MAGISTRATE JUDGE

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).